# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ELMER DAVENPORT and GEORGE BETRAND,** : | **CIVIL ACTION NO. 1:09-CV-01694** |
| : | |
| **Plaintiffs** : | **(Judge Conner)** |
| : | |
| v. : | |
| : | |
| **CAPTAIN D. KNEAL, DEPUTY SUPERINTENDENT KOVALCHIK, DEPUTY SUPERINTENDENT WENEROWICZ, S. KEPHART, SHARON LUQUIS, ROBERT MACINTYRE, and CORRECTIONS OFFICERS FRYER, SCHULTZ, YOUNG, and MOHL,** : | |
| : | |
| **Defendants** : | |

## ORDER

AND NOW, this 28th day of June, 2010, upon consideration of the report of the magistrate judge (Doc. 42) recommending that defendants' motion (Doc. 27) to dismiss all claims pursuant to FED. R. CIV. P. 12(b)(6) be granted,[1] and of the objections (Doc. 43) to the report filed by plaintiffs, and, following an independent review of the record, it appearing that searches of plaintiffs' prison cells and seizure of their personal effects were not unreasonable under the Fourth Amendment, see Hudson v. Palmer, 468 U.S.

---

[1] The magistrate judge, liberally construing the complaint, discerned seven broad claims by the *pro se* plaintiffs: (1) deprivation of property and disciplinary action without due process in violation of the Fourteenth Amendment; (2) violation of the substantive component of the Due Process Clause of the Fourteenth Amendment; (3) unreasonable search and seizure in violation of the Fourth Amendment; (4) violations of the Eighth Amendment; (5) retaliation for plaintiffs' exercise of their First Amendment rights; (6) conspiracy to perpetrate the above constitutional violations; and (7) false imprisonment.

517, 525-6 (1984) (holding that prisoners have no legitimate expectation of privacy in their cells), that plaintiffs do not allege violations of liberty interests which are protected by the Due Process Clause of the Fourteenth Amendment, see Sandin v. Conner, 515 U.S. 472, 483-4 (1995) (holding that prisoners do not have a constitutionally protected liberty interest in remaining in a less restrictive type of custody); Smith v. Mensinger, 293 F.3d 641, 654 (3d Cir. 2002) (recognizing the applicability of Sandin to periods of disciplinary confinement up to seven months), that plaintiffs do not allege violations of property interests which are protected by the Due Process Clause, see, e.g., Hudson, 468 U.S. at 528 n.8 (noting that prison administrators have broad discretion to define contraband and to limit the possessory rights of prisoners), and that, even assuming interests described above were protected, the disciplinary procedures described in the complaint comport with the Fourteenth Amendment,[2] and it further appearing that defendants' conduct did

---

[2] Plaintiffs contend in their objections to the magistrate's report that they are entitled to the procedural protections articulated in Wolff v. McDonnell, 418 U.S. 539 (1974), and extended by Young v. Kann, 926 F.2d 1396 (3d Cir. 1991). This contention is mistaken. Wolff defined and Young interpreted the minimum process prison officials must follow when they wish to revoke good time credits as a penalty for major infractions of prison rules. 418 U.S. at 557. For such weighty punishments which implicate important liberty interests, Wolff required the following elements of procedure: written notice of the charge; an opportunity to defend oneself, but relying on the discretion of prison officials as to whether calling witnesses or cross-examining the accuser might compromise prison security or correctional goals; and a written statement from the decision-maker as to the evidence and reasoning which led to the decision. Id. at 463-7.

Plaintiffs were not deprived of an important liberty interest and therefore are not entitled to the protections of Wolff. See Sandin, 515 U.S. at 483-84. To the extent that some minimal process is required for deprivation of an inmate's privileges, the court holds that plaintiffs received adequate process. Plaintiffs describe the prison disciplinary process as follows: prisoners are given a receipt for confiscated property; disciplinary charges are provided to the prisoner in written form to allow him to prepare a defense; the prisoner is given an opportunity to address the prison official who will decide the prisoner's case; prisoners are given a written statement laying out the decision, the evidence relied upon, and the action

not serve to deny plaintiffs procedural due process,[3] that plaintiffs do not allege a substantive due process claim distinct from their procedural due process claim, see County of Sacramento v. Lewis, 523 U.S. 833, 842 (1998) (explaining that a substantive due process allegation must be distinct from a right explicitly protected by one of the Amendments in order to state a viable claim), that plaintiffs do not allege conditions of confinement which violate the Eighth Amendment, see Sandin, 515 U.S. at 485-6 (holding that segregated confinement as is not recognized as a punishment distinct from the prison sentence which the inmate is serving), that plaintiffs' allegation of retaliation is

---

being taken; and finally, prisoners can appeal the decision. This list of procedural safeguards is substantially similar to those in Wolff and thus constitutionally adequate for lesser deprivations, such as revocation of privileges and transfers to more restrictive confinement.

[3] Plaintiffs describe the disciplinary officer's demeanor and her words as showing she had prejudged their cases based on the closed-door testimony of prison officers. The court rejects this argument for several reasons. First, the record is devoid of evidence that the hearing examiner did not have an open mind about plaintiffs before she began her inquiry. Second, plaintiffs' narrative admits that the hearing examiner and the guards discussed the charge and the material evidence collected. Testimony from a corrections officer who carried out the cell search is "some evidence," and thus satisfies the minimal evidentiary requirement for prison disciplinary decisions. Superintendent v. Hill, 472 U.S. 445, 455-6 (1985). Furthermore, plaintiffs were given multiple opportunities to appeal the decision, and the original decision was repeatedly upheld. Plaintiffs certainly allege no facts suggesting bias by the appeals officers. Given that the prison disciplinary decisions were procedurally sound, we have no occasion under § 1983 to second-guess the factual findings of the prison disciplinary officers. Id. at 455-6. Thus plaintiffs' fail to make out a due process claim against the hearing examiner.

As for the alleged misrepresentations and falsified evidence of the prison guards, the procedural safeguards described by plaintiffs show that the prison disciplinary system had adequate measures in place to ensure that occasional mistakes and bias at a low level do not taint the entire process. Thus plaintiffs have failed to plead that the guards' conduct resulted in a Fourteenth Amendment injury. See Smith, 293 F.3d at 653-4.

Finally, plaintiffs' claims against the appeals officers must fail: plaintiffs contend that the appeals officers ignored a *self-evident* denial of due process by the hearing officer. That contention is fairly debunked by plaintiffs' own narrative, as shown above.

frivolous and unsupported by facts (see Doc. 42 at 27-8), that plaintiffs' allegation of conspiracy is purely speculative (see Doc. 42 at 25), and that plaintiffs' allegation of false imprisonment is barred by state sovereign immunity, see, e.g., Holt v. Nw. Pa. Training P'ship Consortium, Inc., 694 A.2d 1134, 1139-40 (Pa. Commw. Ct. 1997), it is hereby ORDERED that:

1. The report of the magistrate judge (Doc. 42) is ADOPTED.

2. Defendants' motion to dismiss (Doc. 27) is GRANTED. The above-captioned case is DISMISSED.

3. The Clerk of Court is directed to CLOSE this case.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge